## Carson Estate

*Edward M. David,* of *Saul, Ewing, Remick & Saul,* for trustees.

*Carl L. Lindsay,* for executors.

*John D. Lucey, Jr.,* guardian and trustee ad litem.

PAWELEC, *A.J.,* April 14, 1978 — This trust was created by Robert J. Carson, settlor, by deed of trust dated October 21, 1970. The death of settlor caused the filing of an account which was adjudicated by this court on October 2, 1974. The provisions of the trust were recited at length in the adjudication and need not be reiterated.

A schedule of distribution was filed by the trustees which included, inter alia, a tax reserve of $25,000 retained by the trustees for possible addi-

tional taxes. It is this fund which is presently before the court for accounting and distribution.

The executors of settlor's estate have presented a claim against this fund based on section 3704(b)(3) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §3704 (formerly the Estate Tax Apportionment Act). They contend that they are entitled to a proportionate share of the credit allowed for State death taxes as determined by applicable Federal estate tax regulations and used by the trust to reduce its Federal estate tax liability. The trustees deny the claim.

We note that the children of settlor are the principal beneficiaries of the trust and that the wife is the beneficiary of the estate and a co-executor.

The facts are not in dispute. The issue is one of law. The credit allowed on the Federal estate tax return for State death taxes amounted to $47,426.41. The trust paid 98.16 percent of the net Federal estate tax and the remaining 1.84 percent was paid by others. The assets of the probate estate were not diminished by the payment of the Federal estate tax in any way. The State inheritance tax paid by the trustees exceeded the credit allowed for State death taxes on the Federal estate tax return.[1] However, the executors did pay 28.44 percent of the total State inheritance tax and they now contend that under section 3704(b)(3) and Clark Estate, 8

---

1. The Pennsylvania inheritance tax was paid as follows:

| | |
|---|---|
| By the executor | $ 29,851.18 |
| By the trustees | 73,776.07 |
| By others | 1,327.60 |
| | |
| Total | $104,954.85 |

D. & C. 2d 665, 7 Fiduc. Rep. 73 (1956), they are entitled to a proportionate credit.[2]

We do not agree. It is crystal clear that the purpose of the Estate Tax Apportionment Act and all the amendments thereto (now codified as section 3701 et seq. of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §3701 et seq.) was and is to equitably apportion the burden of the Federal estate tax. Section 3704(a) states the basis of apportionment and imposes on each interest, includable in the taxable estate, its pro rata share of the tax. Section 3704(b)(1) directs that there should be no apportionment against property that qualifies for a marital or charitable deduction.

Here the widow was the beneficiary of the estate and as a result of the marital deduction, there was no Federal estate tax due from the estate. Section 3704(b)(3) provides for the apportionment of any credit received toward the payment of Federal estate taxes as a result of the payment of State death taxes. This section provides that the credit shall be allocated among the various interests "to the extent or in proportion that the state tax paid or payable reduces the estate tax."

In this case, in calculating the Federal estate tax due, the gross estate was reduced by the maximum

---

2. However, they seek a sum based only on the amount of credit accruing to the benefit of the trust and not on the entire credit. They calculate this credit in the following manner:

Percentage of State inheritance tax due from
executors (28.44 percent) times credit
of  $47,246.21                                    $13,436.82
Trust's portion of total Federal estate tax          98.16
                                                  percent
98.16 percent × $13,436.82 =        $13,189.59

State death tax credit provided for under the applicable Federal estate tax regulations. The amount of Pennsylvania inheritance tax paid by the trust was more than sufficient to obtain the maximum credit. The State inheritance tax paid by the estate did not increase the amount of credit received, nor did it reduce in any way the Federal estate tax paid.[3] If the estate had not paid any State death tax, the amount of credit allowed to the trust toward the payment of Federal estate tax would not have been reduced, nor would the trust have been liable for the payment of any additional State death tax.

We do not believe Clark Estate, supra, to be analogous. In Clark, the language of the opinion indicates that the inheritance tax paid by the widow was necessary to gain the maximum credit and, thus, in fact, did result in a reduction of the Federal estate tax paid by the residuary estate. That is not our case. In the present matter, the trust received no benefit from the payment of State inheritance taxes by the estate, nor was any detriment suffered by the estate as it paid only those State inheritance taxes for which it was clearly liable. To permit the estate to be reimbursed for this payment would be inequitable. It would profit the estate at the expense of the trust. In essence, it would result in the trust paying the State inheritance and Federal estate tax for which it was liable

---

3. To the contrary, it is undisputed that in preparing Schedule M of the Federal estate tax return, the executors reduced the total amount of the property passing to the spouse by the full State taxes paid by them, thus reducing the marital deduction and increasing the amount of Federal estate tax paid by the trustees by $5,055.83.

and then being further burdened by being compelled to reimburse the estate for the inheritance tax for which the estate was solely liable.

The estate urges that such a result is mandated by section 3704(b)(3). We do not agree. Such a result is not in conformity with the purpose of the Estate Tax Apportionment statute nor the language contained therein. Therefore, the claim is herewith denied.

We need not determine what the result would be in a situation in which the payment of inheritance tax by the widow is necessary to gain the maximum credit as that issue is not before us.

It is stated that notice of the audit has been given to all parties in interest.

There were no objections to the account as stated which shows a balance of principal of $27,335.80 and a balance of income of $3,406.51 making a total of $30,742.31 which is awarded as follows: one-fourth to Robert J. Carson, Jr.; one-fourth to Dorothy C. Slack; one-fourth to Margaret C. Hall and one-fourth to First Pennsylvania Bank, N.A., Robert J. Carson, Jr., and Dorothy C. Slack, trustees, in trust, for the uses and purposes set forth in the will of Anne D. Carson for the benefit of Elizabeth C. Staffieri.

Payment and distribution are so decreed and leave is granted to the accountant to make all transfers necessary to effect distribution in accordance with this adjudication.

The above awards are subject to payments heretofore properly made on account of distribution.

And now, April 14, 1978, the account is confirmed nisi.